IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| KERRY PRICE, INDIVIDUALLY ) <br> AND AS ADMINSTRATOR OF ) <br> THE ESTATE OF HOWARD PRICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JON M. PAYNE ) <br> ) <br> Defendant. ) | CAFN: 4:16-cv-298-HLM <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT FOR DAMAGES WITH A JURY DEMAND

Plaintiff, Kerry Price, files this lawsuit against the named Defendant for all allowable damages under controlling law. Mr. Price is using 42 USC § 1983 as the vehicle to vindicate his right under the Fourth Amendment of the U.S. Constitution. Additionally, Mr. Price makes a claim of conversion against the Defendant pursuit to all applicable laws and state statutes, including the Georgia Constitution.

## INTRODUCTION

With utmost respect, the Defendant has gone well beyond the nature of his role as a probate judge, into areas forbidden by controlling law, and ethics. Defendant has directed law enforcement officials to facilitate the removal of

1

personal property that belonged to an Estate, without a court order or hearing on the matter; Defendant has personally converted probate property (a hand gun) without due process or a Court order; and Defendant has sold Estate assets—and dispersed funds from the selling of those Estate assets—to people who have *never* be legally determined to be heirs of the Decedent—all done without a court order or any hearing on the matter.

## JURISDICTION AND VENUE

Jurisdiction and venue are proper in this case. The events occurred in Chattooga County, and the Defendant is a resident of Chattooga County.

## STATEMENT OF FACTS

1.

On October 2, 2014 Howard Price died as a resident of Summerville, GA in Chattooga County.

2.

After reviewing Mr. Kerry Price's Petition to become the sole administrator of the Decedent's Estate, on October 31, 2014, the Defendant, as the presiding Judge of Chattooga County's Probate Court, lawfully designated Kerry Price as the sole Administrator of the Decedent's Estate.

3.

According to the Petition for Letters of Administration, the only heirs to the Decedent's Estate are Mr. Price and his brother, Pierre Howard Price.

4.

After naming Mr. Price the sole administrator of the Decedent's Estate, a dispute arose between Mr. Price and his paternal aunts (sisters of the Decedent) regarding furniture that was located in the Decedent's home. The aunts claimed ownership of the furniture, stating that they lent the furniture to the Decedent more than two decades ago.

5.

Without holding a hearing, and without notifying the administrator of the estate (Mr. Price), Defendant instructed the Sheriff Deputies of Chattooga County to facilitate the removal of the furniture from the Decedent's home, and to also prohibit Mr. Price from interfering with the removal of said furniture.

6.

The Defendant never entered an Order authorizing the removal of said furniture.

7.

Defendant never entered an Order finding that the said furniture was not property of the Estate.

8.

After ordering the Sherriff's Deputies to facilitate the taking of said furniture, the Defendant received $7,000 from the Aunts for the sale of a manufactured home (a trailer) located on land in which the Estate shared common ownership interest. Defendant sold the trailer for less than its fair market value.

9.

Regarding the sale of the trailer, the Defendant never entered an Order authorizing the sale of the trailer.

10.

Defendant also dispersed monies received from the unauthorized sale of the Decedent's property to persons who had not been legally designated as heirs of the estate.

11.

In January 2015, Mr. Price filed a complaint with the Judicial Qualifications Committee (JQC), regarding the actions of the Defendant. The JQC declined to take the case for lack of jurisdiction.

12.

Defendant knew Mr. Price reported his conduct to the JQC, and as a result, Defendant threatened to have Mr. Price arrested and removed as Administrator of the subject Estate.

## COUNT I

## 42 U.S.C § 1983 CLAIM FOR VIOLATING PLAINTIFF"S FOURTH AMENDMENT RIGHTS TO BE FREE FROM UNLAWFUL SEIZUES

13.

Plaintiff now incorporates paragraphs 1 through 12 as if each is fully incorporated herein, to support the allegations of this Court.

14.

Based on the all the facts incorporated to support his Court, Defendant violated Plaintiff's Fourth Amendment right to be free from an unconstitutional seizure of property in which Plaintiff has a possessory interest. As a result, Plaintiff is entitled to all damages permitted by governing law.

## COUNT II

## CONVERSION

15.

Plaintiff now incorporates paragraphs 1 through 12 as if each is fully incorporated herein, to support the allegations of this Court.

16.

Based on the all the facts incorporated to support his Court, Defendant unlawfully converted the property of the Estate. As a result, Plaintiff is entitled to all damages permitted by governing law.

## ATTORNEY FEES

Based on all the facts cited in paragraphs 1 through 16, Plaintiff is entitled to attorney fees pursuant to controlling federal and state law.

## PUNITIVE DAMAGES

Based on all the facts cited in paragraphs 1 through 16, Plaintiff is entitled to punitive damages because of his willful and intentional conduct.

## SPECIAL DAMAGES

Based on all the facts cited in paragraphs 1 through 16, Plaintiff is entitled to special damages in an amount no less than $25,000.

**WHEREFORE**, Plaintiffs pray the following relief:

1. Plaintiff requests a trial by jury on all matters not adjudicated by this Court;
2. Plaintiff requests reasonable attorney's fees and costs in an amount to be determined by this Court;
3. Plaintiff requests punitive damages be awarded against the Defendant;

4. Plaintiff requests such other, further, and different relief this Court deems appropriate under the circumstances.

Respectfully submitted this 14th day of October 2016,

                                                                  s/Mario Williams  
                                                                  Mario Williams  
                                                                  Georgia Bar No. 235254  
                                                                  *Attorney for Plaintiff*

**WILLIAMS OINONEN, LLC**  
The Historic Grant Building  
44 Broad Street, NW, Suite 200  
Atlanta, GA 30303  
Tel:  404-654-0288  
Fax:  404-592-6225  
mario@goodgeorgialawyer.com

                                                                  s/David E. Betts  
                                                                 David E. Betts  
                                                                 Georgia Bar No.055850  
                                                                *Attorney for Plaintiff*

**BETTS & ASSOCIATES**  
The Historic Grant Building  
44 Broad Street, NW, Suite 200  
Atlanta, GA 30303  
Tel:  404-577-8888  
Fax:  404-577-0080  
davidbetts@bettslaw.net